279 So.2d 44 (1973)
Harry Raymond LINDQUIST, Appellant,
v.
Emy Lou COVERT and Allyn Richard Myers, Appellees.
Kathleen Yvonne SMITH and Howard Freeman, Appellants,
v.
Emy Lou COVERT and Allyn Richard Myers, Appellees.
Nos. 72-304, 72-334.
District Court of Appeal of Florida, Fourth District.
May 30, 1973.
Rehearings Denied June 25, 1973.
Thomas A. Hoadley, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellants, Smith and Freeman.
Michael B. Davis, of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for appellant, Lindquist.
James M. Adams, West Palm Beach, for appellee, Covert.
George Okell, Jr., of Corlett, Merritt, Killian & Okell, West Palm Beach, for appellee, Myers.
REED, Chief Judge.
This is an appeal from a final judgment in a personal injury action commenced in the Circuit Court for Palm Beach County on 28 January 1971. For simplicity the parties will generally be referred to as they stood in the trial court, and references to parties or matters not essential to an understanding of the point on appeal will be omitted.
The plaintiff, Emy Lou Covert, filed a two count complaint. The first charged that the defendant Smith negligently operated a motor vehicle and thereby caused personal injury to the plaintiff. The second made an identical claim against the defendant Harry Raymond Lindquist. Each defendant denied negligence, but defendant Lindquist cross claimed against defendant Smith alleging that Smith's negligent operation of her vehicle at the time and place of the accident described in the complaint caused injuries to Lindquist.
The facts developed at the trial are taken from the main brief of defendant-appellant-Lindquist. *45 They indicate the following. On 6 July 1970 the defendant Kathleen Smith was driving an automobile northbound on Interstate 95 in Palm Beach County. She was traveling in the center lane, there being three lanes for northbound traffic. As she went up an incline her vehicle struck an accumulation of rain water, went out of control, and stopped at or about the peak of the incline. The plaintiff Covert who had theretofore been traveling in the same direction on the same road, but somewhat south of Smith, struck Smith's vehicle. Thereafter, the defendant Lindquist who had also been traveling north on I-95, but south of Covert and Smith, collided with plaintiff Covert's vehicle, after plaintiff had collided with Smith. There was no impact between Lindquist's vehicle and that driven by defendant Smith.
The jury returned a verdict in favor of plaintiff Covert and against defendants Smith and Lindquist. The verdict assessed plaintiff's damages at $20,000.00. The jury also returned a verdict against the defendant Smith and in favor of defendant Lindquist on the latter's cross-claim. This verdict assessed Lindquist's damages at $1,761.49. It is this verdict which becomes the proverbial fly in the ointment.
Both Lindquist and Smith filed motions for new trial claiming that the jury verdicts were inconsistent. Nevertheless, the trial court entered a judgment for plaintiff against defendants Smith and Lindquist on the verdict favorable to the plaintiff and denied the motions for new trial. Insofar as we can tell, no judgment has been entered for Lindquist on his verdict on the cross claim.
Lindquist and Smith each filed an appeal from the judgment in favor of the plaintiff. These two appeals were consolidated in this court.
Lindquist raises one point on appeal  whether or not the trial court erred in denying his motion for new trial on the ground that the verdicts were inconsistent.
As a starting point in our discussion, we would concede that the two verdicts were inconsistent with one another. Obviously the verdict for the plaintiff against Lindquist and Smith necessarily implies that Lindquist was negligent in driving his vehicle into the plaintiff's vehicle. The verdict in favor of Lindquist, on the other hand, necessarily finds that Lindquist was not negligent in striking the plaintiff's vehicle  which collision was the only collision in which Lindquist was involved and thus the only source of his injury. However, when these verdicts were read, neither Lindquist nor Smith raised an objection to their inconsistency. This problem was not called to the court's attention until the motions for new trial were filed.
Certainly this court does not approve the creation of technical barriers to appellate review. At the same time, however, there would be very little fairness in reversing the plaintiff's judgment because of an inconsistency in the verdicts which could have been corrected in virtually no time at all by a resubmission of the cause to the jury had either of the appellants raised the matter before the jury was discharged. See Stevens Markets Inc. v. Markantonatos, Fla. 1966, 189 So.2d 624; cf. Higbee v. Dorigo, Fla. 1953, 66 So.2d 684 and Isenberg v. Ortona Park Recreational Center Inc., Fla.App. 1964, 160 So.2d 132, 134. We are reinforced in this conclusion by the fact that the verdict for the plaintiff and against the defendants was amply supported by competent substantial evidence, and it is only the verdict in favor of the defendant Lindquist which raises the problem of an apparent inconsistency. Hence we hold that any error of the trial court related to the receipt of the inconsistent verdicts has not been preserved for purposes of this appeal, because of the appellants' failure to object thereto before the jury was discharged.
*46 We have not overlooked the points raised by Smith (and Freeman, the owner of the vehicle driven by Smith), but hold those points to be without merit.
The judgment appealed from is affirmed.
OWEN and MAGER, JJ., concur.