348 So.2d 914 (1977)
WIGGS AND MAALE CONSTRUCTION COMPANY, Appellant,
v.
John D. HARRIS, Etc., et al., Appellees.
BLACKSTONE DEVELOPERS, a Partnership, Appellant,
v.
John D. HARRIS, Etc., et al., Appellees.
ED WATERS AND SONS CONTRACTING COMPANY, INC., Appellant,
v.
BLACKSTONE DEVELOPERS, a partnership, Etc., et al., Appellees.
Nos. Z-21, Z-63 and Z-116.
District Court of Appeal of Florida, First District.
July 15, 1977.
Rehearing Denied September 2, 1977.
John E. Houser, John I. Todd, Jr., J. Edwin Gay, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellants.
J. Edwin Gay, Rogers, Towers, Bailey, Jones & Gay, and John I. Todd, Steven A. Werber, John E. Houser, Jacksonville, for appellees.
MILLS, Judge.
Blackstone Developers (Blackstone) and Wiggs and Maale Construction Company (Wiggs), defendants below, appeal from a final judgment entered in favor of Harris, Mixon and Penland, plaintiffs below, following a jury trial in a negligence action for damage to a building. In addition, Wiggs, cross-defendant below, appeals from a final judgment entered in favor of Blackstone, cross-plaintiff below, following a directed verdict in an indemnification action and Wiggs, cross-plaintiff and cross-defendant below, appeals from a final judgment entered in favor of Ed Waters and Sons Contracting Company, Inc. (Waters), cross-defendant and cross-plaintiff below, following a jury trial in indemnification actions *915 Wiggs and Waters brought against each other. Although Waters appealed, it abandoned its appeal. The appeals have been consolidated for our consideration.
Blackstone owned property adjacent to and south of the Law Exchange Building. Blackstone wished to construct a building on its property. Wiggs was the general contractor on the project. Wiggs contracted with Waters to install sheet pile along the northern property line. The sheet pile was installed on 4 May 1972, and on 17 May the south wall of the Law Exchange Building settled causing it to crack. The owner of the Law Exchange Building instituted this suit against Blackstone, Wiggs and Waters. Various cross claims were filed by the defendants.
At the trial, testimony was presented that the damage to the Law Exchange Building was caused by sand under the building being compacted by the pile driving operations. The verdict forms permitted the jury to find for the plaintiffs either against Blackstone, Wiggs and Waters, or to find for the plaintiffs against only Blackstone and Wiggs. The closing arguments of counsel and the instructions of the court made it clear that the jury should not return a verdict against all three unless the jury found that the pile driving was performed in a negligent manner. The jury returned a verdict against all three defendants, thus finding Waters negligent in performing pile driving.
The court directed a verdict in favor of Blackstone against Wiggs and Waters and the case was then submitted to the jury on Wiggs' cross claim against Waters and Waters' cross claim against Wiggs. Wiggs cross claimed against Waters on the basis of an indemnity agreement in their written contract and on the active-passive tortfeasor theory. Waters' cross claim for indemnity was based solely on the active-passive tortfeasor theory. Based on University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973), the court instructed the jury that if it should find that Wiggs was guilty of negligence which was a legal cause of damage, the indemnity agreement would not apply. Although Wiggs objected to this instruction at the charge conference, the giving of the instruction was not assigned as error and, therefore, whether the instruction was correct is not presented by this appeal.
The jury returned a verdict against Wiggs on its cross claim against Waters, and returned a verdict in favor of Waters on its cross claim against Wiggs. By these verdicts, the jury found that Wiggs was actively negligent and that Waters was either not negligent or passively negligent. In other words, the jury returned conflicting verdicts. To reach its first verdict, holding all three defendants liable to the plaintiffs, it had to find that Waters was actively negligent; in reaching its second verdict in favor of Waters on its cross claim, it had to find that Waters was not actively negligent.
Wiggs contends that it was error to resubmit the question of Waters' negligence to the jury the second time, since Waters' negligence had been determined by the first verdict. However, Wiggs made no objection to the submission of Waters' cross claim to the jury. No objection was made to the forms of the verdict, and when the verdict in favor of Waters on its cross claim against Wiggs was read, no objection was raised as to its inconsistency with the first verdict. Further, after the first verdict was returned, Wiggs did not move for a directed verdict on Waters' cross claim. Clearly, Wiggs had many opportunities to bring to the court's attention the possibility that inconsistent verdicts might be rendered. It did not do so. Even after the second verdict was rendered, Wiggs remained silent. Therefore, any error relating to the receipt of the inconsistent verdicts has not been preserved for purposes of appeal and the judgment in favor of Waters is affirmed. Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973); Crawford v. DiMicco, 216 So.2d 769 (Fla. 4th DCA 1968).
The appeal taken by Blackstone and Wiggs against the plaintiffs is without merit and the judgment is affirmed. The appeal taken by Waters is dismissed.
McCORD, C.J., and MELVIN, WOODROW M., Associate Judge, concur.