351 So.2d 374 (1977)
LEISURE GROUP, INC., an Ohio Corporation, and Hartford Insurance Company, Inc., a Connecticut Corporation, Appellants,
v.
Mary K. WILLIAMS, Individually and As Next Friend and Natural Guardian of the Minor, Todd Williams, Appellee.
No. 77-913.
District Court of Appeal of Florida, Second District.
October 26, 1977.
Ronald L. Napier of Pomeroy, Betts & Napier, and Charles R. Holley, Naples, for appellants.
Daniel R. Monaco and William D. Keith of Monaco & Cardillo, Naples, for appellee.
BOARDMAN, Chief Judge.
Appellee/plaintiff, Mary K. Williams, filed a complaint against Leisure Group, Inc., its insurer, Hartford Insurance Company; W.T. Grant, Inc., its insurer, Liberty Mutual Insurance; Funtime Nursery, Inc., and its insurer, Travelers Indemnity Corp. alleging negligence and breach of warranty. The complaint alleged that appellee's minor child, Todd Williams, was injured while he was playing at Funtime Nursery on a swing set sold by W.T. Grant and manufactured by Leisure Group. Prior to trial, settlements *375 were negotiated between appellee and W.T. Grant and Liberty Insurance in the amount of $1,500 and between appellee and Funtime Nursery and Travelers in the amount of $3,000. The case proceeded to trial as to the liability of appellants/defendants, Leisure Group and Hartford Insurance. Final judgment was entered against them for $10,000. Appellants contend that the trial court erred in denying their motion for a setoff against the judgment.
We hold that appellants were entitled to have the total amount of the settlements deducted from the damages awarded by the jury to appellee. If a defendant demonstrates to the court that the plaintiff has released a codefendant in consideration of partial satisfaction of the damages sought the amount stipulated by the release is to be set off from the amount of a judgment returned in favor of the plaintiff. Section 768.041(2), Florida Statutes (1975).
It is not necessary, however, in this case to deduct the full $4,500 from the judgment. During trial appellants' counsel asked appellee if she had filed a suit against Funtime Nursery alleging negligent supervision of her son which she subsequently settled. Appellee responded over her attorney's objection that she had. Appellee's counsel on later examination asked her how much she had received from the settlement:
Q How much  let's hear it, Mary, how much did you collect from this nursery school?
A What did I get out of it?
Q Yeah.
A A thousand 
Q A thousand dollars?
A  thirty-five dollars.
Q Okay. You got a thousand dollars, is that right?
A A thousand and thirty-five, I believe it was.
In closing arguments appellee's counsel suggested to the members of the jury that they deduct that amount to reach an award of damages.[1] Absent a showing on appeal by appellants to the contrary we assume that the jury did so. Nonetheless, since the jury knew nothing of the settlement with W.T. Grant nor the full amount of the settlement with Funtime Nursery a partial setoff is warranted.
Accordingly, we modify the $10,000 judgment by reducing it to $6,535, which is $10,000 less the difference between $4,500 and $1,035. The judgment as modified is
AFFIRMED.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] Although it is error to introduce evidence before a jury of a release of one of several tortfeasors, prejudice has not been shown to result, and it is harmless. Furthermore, both parties could be said to have invited error since appellant initially brought the subject to the jury's attention, and appellee reminded the jury of the settlement in closing arguments.