511 So.2d 679 (1987)
Idilia C. BALSERA and Branislav Obrenovic, As Co-Personal Representatives of the Estate of Idilia Marislava Obrenovic, Deceased, and Idilia C. Balsera, Individually, Appellants,
v.
A.B.D.M. & P. CORP. D/B/a the Cascade, a Florida Corporation, Cena Corp., a Florida Corporation, and Enrique Thomas Fernandez, Individually, Appellees.
Nos. 86-1919, 86-2948.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Rehearing Denied September 9, 1987.
*680 Mershon, Sawyer, Johnston, Dunwody & Cole and Mary Ellen Valletta and James McCann, Miami, for appellants.
Lee, Schulte, Murphy & Coe and Jack Coe, Jupiter, for appellees.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
NESBITT, Judge.
Idilia Balsera filed an action in her individual capacity for the wrongful death of her daughter, Idilia Obrenovic, and as a personal representative on behalf of her deceased daughter's estate against A.B.D.M. & P. Corporation (ABDM & P), Cena Corporation (Cena), and Enrique Fernandez. The trial court entered a summary judgment in favor of ABDM & P and Cena, and the case proceeded to trial against Fernandez.
At trial, Balsera sought damages for her wrongful death action in the amount of $98,367.00 for loss of services and $288,373.00 for loss of support. The estate claimed $2,529.30 in damages. The jury returned a verdict of $100,000.00 for Balsera and $290,000.00 for the estate. The trial court denied the appellant's motion to conform the verdict to the requested amount of damages, but granted Fernandez's motion for remittitur against the verdict for the estate. When the estate rejected remittitur, the trial court ordered a new trial to determine damages on the estate's claim, and entered judgement for Balsera in the amount of $100,000.00. Finally, the trial court denied Fernandez's motion, pursuant to section 768.041(2), Florida Statutes (1985), for setoff based upon monies he allegedly paid to Balsera in compensation prior to trial.
Balsera and the estate appeal the summary judgment entered in favor of ABDM & P and the trial court's denial of their motion to conform the verdict to the clear intent of the jury. Fernandez cross-appeals the denial of his motion for setoff. We reverse the judgment entered against Fernandez and the trial court's order for a new trial, finding that the trial court erred in denying the motion to conform the verdict to the clear intent of the jury. We affirm the entry of summary judgment for ABDM & P and the denial of Fernandez's motion for setoff.
The undisputed issues of fact before the trial court fully supported its finding that Obrenovic was an employee of ABDM & P, and that any cause of action against that defendant was restricted to those permitted under the workers' compensation laws. Cf. § 440.11, Fla. Stat. (1985) (exclusive remedy for injuries of employee as against employer is workers compensation). Therefore, we affirm the trial court's entry of summary judgment for ABDM & P.
We agree with the appellants' contention that the trial court erred in failing to conform the verdict to reflect the jury's clear intent.
"The general rule is that a verdict is the determination of a jury upon the testimony submitted to them, and should be construed with reference to the issue made by the pleading... . When the intent of the jury is apparent, their verdict will be sufficient to sustain a judgment entered in conformity with the intent of the verdict."
Cory v. Greyhound Lines, Inc., 257 So.2d 36, 40 (Fla. 1971) (citations omitted). In the case sub judice, Balsera requested damages of $98,367.00 for lost services and $288,373.00 for lost support, and the estate claimed damages of $2,529.30, totaling $389,269.30, an amount just under the aggregate verdict of $390,000.00 returned by the jury. It is apparent that the jury simply misapportioned Balsera's claim of $288,373.00 for loss of support to the estate's claim for damages, and thereby arrived at the $290,000.00 verdict for the estate. Cf. Cory, 257 So.2d at 40 (jury's *681 intent was obvious based upon the similarity between the amounts awarded by the jury and the amounts requested by the plaintiffs even though the awards were transposed); Phillips v. Ostrer, 481 So.2d 1241, 1246 (Fla. 3d DCA 1985) (the amount awarded by jury for compensatory damages so close to requested amount that it was a clear indication of jury's intent), review denied, 492 So.2d 1334 (Fla. 1986).
Where the jury incorrectly apportions damages or transposes the amounts in a consolidated case, the trial court should correct the verdict if the jury's intent is clear based upon the circumstances in the case. Cory, 257 So.2d at 41. Since the jury's intent was clear in this case the trial court should have granted the appellants' motion to conform the verdict. Therefore, we reverse the order granting a new trial on damages and the judgment entered for Balsera, and remand with directions for the trial court to enter a judgment for Balsera in the amount of $386,740.00 and for the estate in the amount of $2,529.30.
Finally, we find no merit in Fernandez's cross-appeal. Fernandez presented testimony to the jury concerning the amounts of money he allegedly paid to Balsera in compensation for her damages prior to trial. Absent any evidence to the contrary, we must assume that the jury considered this testimony in reaching its verdict, and therefore find that the trial court correctly refused to set off the verdict with these same payments. See Leisure Group, Inc. v. Williams, 351 So.2d 374 (Fla. 2d DCA 1977).
Accordingly, we affirm the summary judgment under review, but reverse the judgment entered against Fernandez and remand to trial court for entry of judgment against Fernandez in conformity with the directions herein.