725 So.2d 1144 (1998)
C.G. CHASE CONSTRUCTION CO., Appellant,
v.
Ada Beatriz Hernandez COLON, etc., Appellee.
No. 97-1353.
District Court of Appeal of Florida, Third District.
November 4, 1998.
Rehearing Denied March 10, 1999.
Knecht & Knecht; Kuvin Lewis Restani & Stettin, P.A., and R. Fred Lewis, Miami, for appellant.
*1145 Hicks & Anderson, P.A., and Debra B. Potter and Ralph O. Anderson, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
C.G. Chase Contruction Co. ("Chase"), a general contractor and defendant below, appeals a nonfinal order denying its motion for judgment in accordance with its motion for directed verdict and granting the appellee/plaintiff's motion for new trial on damages only. For the following reasons we reverse in part and affirm in part.
John Alan Colon ("Colon") was a plumber by trade. While performing some work on a newly renovated home, he was electrocuted as a result of faulty wiring originating from the renovation. His estate, consisting of his widow and his two-year-old daughter, brought a wrongful death suit against the general contractor who was in charge of the renovation, i.e., Chase. Colon's estate had entered into settlement agreements with all other defendants. At trial, the jury returned a verdict finding Chase twenty-five percent liable for Colon's death. As to damages, the trial court described the jury's award as follows:
a. The jury awarded $1,000,000 for net accumulations lost by the Estate, although the clear and uncontroverted evidence established that net accumulations were no more than $28,000....
b. The jury awarded past economic damages of $4,500 to the decedent's wife, and $4,000 to the decedent's daughter. For future economic damages, the decedent's wife was awarded $50,000 and $25,000 to the decendent's daughter. The combined amount, based upon the unrefuted trial testimony exceeded $500,000....
c. The jury awarded the decedent's wife $15,000 and the decedent's ... daughter $5,000, for past non-economic losses. As for future non-economic losses, the jury awarded the wife, $10,000, and the decedent's daughter $13,000. There is no relationship between these figures and the undisputed evidence adduced before the jury and this award is contrary to the manifest weight of the evidence.
Following the jury's verdict, neither party made an objection before the jury was discharged. Afterward, the trial court granted a post-trial motion, by the plaintiff, for a new trial on damages finding that the jury award was "grossly inadequate and there [was] also some inconsistency, but the figures were just wrong." Also, the trial court denied plaintiff's post-trial motion for trial de novo finding that any confusion on the part of the jury, as manifested in its verdict, did not affect its finding of liability.
This case, once again, involves the distinction between inconsistent and inadequate jury verdicts. It is well settled that an inconsistent verdict must be objected to at trial or the claim has been waived for appellate review. See Higbee v. Dorigo, 66 So.2d 684 (Fla.1953); Delva v. Value Rent-A-Car, 693 So.2d 574 (Fla. 3d DCA 1997); Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985); Department of Transp. v. Denmark, 366 So.2d 476 (Fla. 4th DCA 1979); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973); Wiggs & Maale Constr. Co. v. Harris, 348 So.2d 914 (Fla. 1st DCA 1977). In Cowart, this Court recognized that the reason for finding waiver under these circumstances is that a "party's failure to seek jury reconsideration below is properly regarded as a conscious choice of strategy" since a complaining party would naturally risk having the award unfavorably adjusted. 476 So.2d at 290 n. 2. On the other hand, a challenge to an inadequate verdict only requires a motion for a new trial. See Short v. Grossman, 245 So.2d 217 (Fla.1971); Griffis v. Hill, 230 So.2d 143 (Fla.1969); Cowart, 476 So.2d at 289; Faulk v. Schafer, 288 So.2d 570 (Fla. 3d DCA 1974).
Here, the trial court correctly recognized that the jury's verdict was both inconsistent and inadequate. In other words, as noted by this Court in Delva, it logically follows that most inconsistent verdicts would, in some respect, be either inadequate or contrary to the manifest weight of the evidence. 693 So.2d at 577 (endorsing Judge Dell's opinion in Hendelman v. Lion Country Safari, Inc., 609 So.2d 766 (Fla. 4th DCA 1992)). Illustrating this point, though the verdict in this case was grossly inadequate as *1146 to future and past economic and non-economic damages, it was likewise grossly excessive as to lost net accumulations. However, taken as a whole, the jury award of $1,129,500 results in a sustainable gross amount.[1]See Delva, 693 So.2d at 574; Cowart, 476 So.2d at 289. Consequently, the complaining party's failure to object to the inconsistency in the jury's verdict bars its post trial challenge.
Accordingly, we reverse the trial court's order for a new trial on damages and remand with directions to enter judgment on the verdict. We affirm the trial court's order denying plaintiff's motion for trial de novo.
Affirmed in part, reversed in part, and remanded with directions.
NOTES
[1] The trial court is not required to conform the verdict to reflect the intention of the jury by re-allocating the excessive portion of the award to other elements of damages. See Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla.1971) (requiring the trial court to adjust the verdict where the jury transposed the amounts to be returned in two consolidated cases); Delva, 693 So.2d at 574 (requiring the trial court to adjust the verdict where the defect could have been cured by transposing the amount awarded for future medical expenses with the award for future non-economic losses); Burgess v. Mid-Florida Serv., 609 So.2d 637 (Fla. 4th DCA 1992) (requiring the trial court to adjust the verdict where the jury failed to reduce the future expenses and lost income to its present value and, instead, increased the future economic damages by adding past expenses to future expenses). Unlike the cases cited above, this case does not lend itself to a clear mathematical solution by way of a simple reapportionment. Nevertheless, because the bottom line is a sustainable gross amount, the allocation of the award to the various elements of damages constitutes no more than harmless error. See Delva, 693 So.2d at 574.