STRINGER, Judge.
William Sutton challenges the final judgment entered pursuant to a jury verdict which found that Grossteiner’s negligence caused some of Sutton’s injuries, but that he did not sustain permanent injuries ás a result of the accident. Sutton alleges that the trial court erred in denying his motion for directed verdict on the issue of permanency and his motion for new trial. We disagree and affirm.
Sutton was injured when his vehicle and Grossteiner’s vehicle collided on September 19, 1994. At trial, Grossteiner admitted that she was negligent in causing or contributing to the accident. On the date of the accident, Sutton was treated for his injuries by emergency medical services at the accident scene and emergency room personnel at Naples Community Hospital. He was experiencing shoulder and neck pain but did not complain of back pain. Sutton testified at trial that he began to experience back pain “days to weeks” after the accident but received no further treatment until he was treated by a chiropractor on November 29, 1994, seventy-one days after the accident.
At trial, Sutton alleged that he suffered injuries to his neck, shoulder, and back. Sutton’s back injury was the only one that he claimed was permanent. The jury verdict form did not distinguish between the injuries. Questions 1, 4, and 5 of the verdict form were answered as follows:
1. Was the negligence of the Defendant, BERNICE I. GROSSTEINER, a legal cause of loss, injury or damages to Plaintiff, WILLIAM SUTTON?
YES _X_ NO
4. What is the amount of any damages sustained for medical expenses in the past as a result of the accident dated September 19,1994?
$ 939.00
5. Did Plaintiff, WILLIAM SUTTON, sustain a permanent injury within a reasonable degree of medical probability as a result of the accident dated September 19,1994?
YES NO _X_
Sutton argues on appeal that the jury found causation for all of his injuries, including his back injury,' but that it erred in concluding that his back injury was not permanent. If the jury had found that Sutton’s back injury was caused by the accident, we would agree that the jury erred in finding the injury nonpermanent based on the evidence presented at trial. However, after an examination of the jury’s verdict, we conclude that the jury’s intent was to find causation for Sutton’s neck and shoulder injuries but not for his back injury.
“The general rule is that a verdict is the determination of a jury upon the testimony submitted to them, and should be construed with reference to the issue made by the pleadings.... When the intent of the jury is apparent, their verdict will be sufficient to sustain a judgment entered in conformity with the intent of *413 the verdict.” Cory v. Greyhound Lines, Inc., 257 So.2d 36, 40 (Fla.1971) (citations omitted).
It is obvious and apparent from this record that the jury intended to find causation for Sutton’s shoulder and neck injuries, but not for his back injury. The jury awarded Sutton $939 for medical expenses in the past as a result of the accident. The $939 amount corresponds to the amount of medical expenses Sutton incurred immediately after the accident relating to his shoulder and neck injuries. Sutton’s other medical expenses were related to his back injury and were incurred months after the accident. Under these circumstances, it is clear the jury found that only Sutton’s neck and shoulder injuries were caused by the accident. The issue of causation was a jury question, and there was sufficient evidence presented at trial for the jury to conclude that Sutton’s back injuries were not caused by the accident. Since the judgment in this case is in conformity with the intent of the jury’s verdict, we affirm the final judgment.
Affirmed.
NORTHCUTT, A.C.J., and CASANUEVA, J., Concur.