776 So.2d 342 (2001)
KMART CORPORATION, Appellant,
v.
Susana BRACHO, Appellee.
No. 3D99-3220.
District Court of Appeal of Florida, Third District.
January 24, 2001.
Adorno & Zeder and Raoul G. Cantero, III and Stephanie G. Kolman and Nicole E. Mestre and Gregory A. Victor, for appellant.
William C. Ruggiero (Fort Lauderdale); Lauri Waldman Ross, for appellee.
Before SCHWARTZ, C.J., and SORONDO and RAMIREZ, JJ.
SCHWARTZ, Chief Judge.
Ms. Bracho was injured in a fall at a Kmart store and recovered a jury verdict which found Kmart 100% liable for the accident and assessed $53,168.00 in damages in her favor, which were divided as follows:

Past medical expenses: $15,168.00
Future medical expenses: $38,000.00
Past pain and suffering: $0
Future pain and suffering: $0[1]
*343 The store now appeals an order granting a new trial as to items of damages alone.[2] Its primary contention is that the new trial should include the issue of liability as well. We reject this position,[3] upon the conclusion that there should be no new trial at all.[4]
It is clear that the gross verdict of $53,168.00 is an eminently fair one which is fully supported by the evidence. If at all, the jury was arguably mistaken[5] only by assigning the awards to past and (in an excessive amount) future[6] medical expenses, while giving nothing at all for past and future pain and suffering, though the evidence required at least some amount for these elements. In other words, there was too much for the medicals and too little for the intangibles. But, as in Delva v. Value Rent-A-Car, 693 So.2d 574 (Fla. 3d DCA 1997), the defendant did not preserve an objection to the claimed error by requesting a re-submission to the jury to correct the alleged mistake. Moreover, again like Delva, the jury's arguable misallocation of the amounts returned may be regarded as no more than harmless error in light of the reasonableness and unassailability of the bottom line amount. See Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998); Sutton v. Grossteiner, ___ So.2d ___, 2000 WL 1580358 (Fla. 2d *344 DCA Case no. 2D98-1059, opinion filed, October 25, 2000)[25 FLW D2549]. On the authority of Delva, therefore, we deem it appropriate to reverse the order granting a new trial[7] and remand for entry of judgment in favor of the plaintiff for $53,168.00, the total amount of the jury verdict, with interest from October 21, 1999, the date of its return.
Reversed and remanded with directions.
NOTES
[1] While the record does not contain the verdict form itself, the transcript reflects the following:

THE CLERK: We the jury return the following verdict: Was there negligence on the part of K Mart Corporation the legal cause of damage to plaintiff, Susana Bracho? Yes.
Question two: Was there negligence on the part of the plaintiff, Susan Bracho, which was the legal cause of damages?
Answer: No.
Question four: What is the amount of damages sustained for medical expenses in the past? 15,168.
What is the amount of future damages for medical expenses to be sustained in the future years? 38,000.
What is the amount of damages for pain and suffering in the past? Zero. Future, $53,168. Foreperson, Mr. Pardillo.
The parties agree that the $53,168.00 at the conclusion of the verdict represents the total of the past and future medical expenses and that "zero" was in fact returned for both past and future pain and suffering.
[2] ORDER GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL

This cause came on to be heard on November 17, 1999 on the (1) Defendant's Motion for new trial or alternatively motion for remittitur, and (2) Plaintiff's motion for additur or in the alternative motion for new trial on non-economic damages. The Court having reviewed the pleadings, heard argument of counsel and being otherwise advised in the premises, it is hereby ordered and adjudged as follows:
1. Defendant's motion for remittitur and Plaintiff's motion for additur are both denied.
2. The jury found the Defendant 100% liable. Since the issue of liability is severable from the damages issues, the court denies the Defendant's motion for new trial on all issues set fourth in said motion, including liability. See Delva v. Value Rent-A-Car, 693 So.2d 574 (Fla. 3d DCA 1997).
3. A different result is required on the issue of damages. In the present case, the jury awarded Plaintiff both past and future medical expenses, but awarded Plaintiff zero damages for past and future pain and suffering. The Court agrees with the Plaintiff that such a jury verdict is inadequate as a matter of law. See Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708 (Fla. 3d DCA 1999); Avakian v. Burger King Corp., 719 So.2d 342 (Fla. 4th DCA 1998).
4. The Court rejects the Plaintiff's argument, however, that any new trial should be limited to the issue of intangible damages, finding that any such would be too limited in scope. Without waiving any appellate rights the parties have stipulated that the award of past medical expenses may stand. Therefore there is no need to retry that issue. Accordingly, the new trial will be limited to the issues of Plaintiff's future medical expenses, and past and future pain and suffering.
[3] See Delva v. Value Rent-A-Car, 693 So.2d 574 (Fla. 3d DCA 1997).
[4] While the plaintiff filed no separate or cross-appeal seeking this relief, she intimated the position in her answer brief and specifically advanced it at oral argument. Accordingly, we have considered it on the authority of such cases as City of Hialeah v. Martinez, 402 So.2d 602, 603 n. 4 (Fla. 3d DCA 1981), pet. for review dismissed, 411 So.2d 380 (Fla. 1981).
[5] But see Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998).
[6] While the future award was $38,000.00, the parties agree that the evidence supported no more than $26,650.00.
[7] See supra note 4.