WARNOCK v. CSX TRANSP., INC.

[159 N.C. App. 215 (2003)]

DOUGLAS K. WARNOCK, Plaintiff v. CSX TRANSPORTATION, INC., Defendant

No. COA02-568

(Filed 15 July 2003)

**Appeal and Error— inconsistent verdict—FELA action— waiver of error**

Plaintiff railroad employee waived any claim of error based upon the inconsistency of the jury's verdict in an action under the Federal Employers' Liability Act when plaintiff's counsel declined the court's offer to resubmit the issues to the jury with further instructions and insisted that a mistrial was the only available remedy.

Appeal by plaintiff from judgment entered 1 June 2001 and order entered 1 November 2001 by Judge Robert F. Floyd in Richmond County Superior Court. Heard in the Court of Appeals 29 January 2003.

*WARSHAUER, WOODRUFF & THOMAS, P.C., by Michael J. Warshauer, and KITCHIN, NEAL, WEBB, WEBB, & FUTRELL, P.A., by Henry L. Kitchin for plaintiff appellant.*

*MILLBERG, GORDON & STEWART, PLLC, by Frank J. Gordon, for defendant appellee.*

TIMMONS-GOODSON, Judge.

Douglas K. Warnock ("plaintiff") appeals from judgment entered by the trial court in favor of CSX Transportation, Inc. ("defendant"). In a separate order dated 1 November 2001, plaintiff's motions for a new trial and judgment not withstanding the verdict were denied. For the reasons stated herein, we conclude that the trial court committed no error.

The pertinent facts of the instant appeal are as follows: Plaintiff was employed by defendant, a railroad company, for thirty years as a locomotive engineer. In March of 1999, plaintiff was engaged in a "humping operation," which required him to move railroad cars in the rail yard. During the operation, plaintiff's locomotive derailed, causing him to suffer a back injury, which necessitated surgical treatment and prevented him from returning to work.

WARNOCK v. CSX TRANSP., INC.

[159 N.C. App. 215 (2003)]

On 7 October 1999, plaintiff filed a complaint against defendant under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, alleging that the derailment was caused by defendant's negligence and that defendant was strictly liable for the violation of safety regulations. The matter was heard in May 2001 before a jury and at the conclusion of trial, the jury returned the following verdict:

Issue #1: Was the plaintiff injured by the negligence of the defendant?

Answer: <u>NO</u>

Issue #2: Was the plaintiff injured by the defendant's violation of the provisions of a Federal Safety Regulation?

Answer: <u>NO</u>

. . . .

Issue #3: Did the plaintiff by his own negligence contribute to his injury?

Answer: <u>YES</u>

Issue #4: What proportion or percentage of plaintiff's injury do you find to have been caused by the negligence of the respective parties?

Defendant <u>25%</u>

Plaintiff <u>75%</u>

. . . .

Issue #5: What amount is the plaintiff entitled to recover for personal injury?

Answer: <u>$80, 000.00</u>

After reviewing the verdict, the trial court shared the verdict with counsels for defendant and plaintiff in a bench conference. Plaintiff's counsel objected to the verdict as inconsistent and requested a mistrial. Following the bench conference, the trial court struck the jury's answer to interrogatory four and interrogatory five, and then entered judgment for defendant. Plaintiff appeals.

The dispositive issue on appeal is whether plaintiff waived any claim of error based on the inconsistency of the jury's verdict where plaintiff insisted that the trial court declare a mistrial and the jury not

be permitted to further deliberate. For the reasons stated herein, we conclude that plaintiff has waived his claim of error.

We note that plaintiff brought suit in Richmond County Superior Court under the Federal Employers' Liability Act ("FELA"). FELA suits may be brought in state court or federal court. *Lockard v. Missouri P. R. Co.*, 894 F.2d 299, 303, *cert. denied*, 498 U.S. 847, 112 L. Ed. 2d 102 (8th Cir. 1990). It is well established that "questions concerning the measure of damages in an FELA action are federal in character." *Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 493, 62 L. Ed. 2d 689, 693 (1980). "This is true even if the action is brought in state court." *Id.*

According to Rule 49(b) of the Federal Rules of Civil Procedure, when the answers to the special interrogatories are inconsistent with each other and with the general verdict, the court should not enter judgment but return the answers to the jury or order a new trial. Fed. R. Civ. P. 49(b) (2001). However, in *Lockard* the Court stated that

> if trial counsel fails to object to any asserted inconsistencies and does not move for re-submission of the inconsistent verdict before the jury is discharged, the party's right to seek a new trial is waived. . . . The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury. . . . This prevents a dissatisfied party from misusing procedural rules and obtaining a new trial for an asserted inconsistent verdict.

*Id.* at 304 (citations ommitted); *see White v. Celotex Corp.*, 878 F.2d 144, 146 (4th Cir.), *cert. denied*, 493 U.S. 964, 107 L. Ed. 2d 372 (1989); *see also Ludwig v. Marion Laboratories, Inc.*, 465 F.2d 114, 118 (8th Cir. 1972) (concluding that "the trial court should have been given the opportunity to correct error, if any existed, by resubmitting the matter to the jury."); *Chase Construction Co. v. Colon*, 725 So.2d 1144, 1145 (Fla. App., 3rd District, 1998) ("party's failure to seek jury reconsideration below is properly regarded as a conscious choice of strategy since a complaining party would naturally risk having the award unfavorable adjusted"); *Caterpillar Tractor Co. v. Donahue*, 674 P.2d 1276, 1284 (Wyo. 1983) ("a loser should not by design get two bites at the cherry. . . . The proper time to challenge the verdict was when the jury was still able to explain that which [the defendant] now considers to be an inconsistency").

In the instant case, the record reveals that the jury returned a verdict and the trial judge reviewed the verdict. Thereafter, the trial

judge briefly excused the jurors and engaged in a bench conference, which does not appear to have been recorded. At the conclusion of the bench conference, the trial judge made the following recorded comments:

> In accordance with our bench discussions, upon motion of the defendant, and the Court on its own motion, the Court will accept as consistent the answers of the jury to Issues 1, 2 and 3.
>
> As to the answer of the jury to Issues 4 and 5 being inconsistent with the jury's response in answers to the issues of negligence, the Court will set aside the jury's verdict as to Issues 4 and 5, and render an amount of zero for the recovery of the plaintiff as to personal injuries.

The jury was then dismissed and the following colloquy took place between the Court and plaintiff's attorney:

> THE COURT: Anything further from the parties at this time for plaintiff?
>
> [PLAINTIFF]: The plaintiff, having advised the Court that we did not feel that any curative instructions would be helpful . . . It is clear, from the answers given by the jury, that they were confused. They gave such an inconsistent verdict that it defies logic to see how they got there . . . we'd ask the Court to declare a mistrial and let us retry this thing, . . .

We note that the trial court's order regarding post-trial motions reveals the following:

> After reviewing th[e] verdict, the Court shared the verdict with counsel for both parties at the bench and sought their input as to how to proceed. Plaintiff's counsel suggested that the only alternative was for the Court to order a mistrial. The Court inquired as to whether plaintiff requested that the issues be resubmitted to the jury with further instructions. Plaintiff's counsel declined that offer and instead insisted that the jury not conduct further deliberations or receive further instructions. . . . Rather than objecting to the Court's acceptance of the verdict and seeking a re-submission of the issues to the jury, plaintiff's counsel moved for a mistrial and that motion was denied.

After a careful review of the record, it is clear that plaintiff's counsel refused to seek re-submission of the purportedly inconsistent

**WARNOCK v. CSX TRANSP., INC.**

[159 N.C. App. 215 (2003)]

issues to the jury. We note that the trial court twice gave plaintiff's counsel the opportunity to seek re-submission of the issues, and plaintiff's counsel refused. Plaintiff's counsel further stated that "we did not feel that any curative instructions would be helpful." Therefore, plaintiff made a conscious choice to allow the trial court to discharge the jury before any alleged inconsistencies could be properly addressed. Moreover, the only alternative submitted by plaintiff to the trial court was a mistrial. Plaintiff insisted that the jury not conduct further deliberations or receive further instructions.

We recognize that the requirement under Rule 49(b) is not whether plaintiff "feels that any curative instruction would be helpful," but whether the original jury is allowed to eliminate any inconsistencies without the need to present the evidence to a new jury. Under these set of facts, a grant of a mistrial by the trial court would eliminate the incentive of Rule 49(b) "for efficient trial procedure, and opens the door to the possible misuse of the rule's procedures by parties anxious to circumvent an unsatisfactory jury verdict by procuring a new trial." *United States Football League v. National Football League*, 644 F. Supp. 1040, 1049 n.8 (S.D.N.Y. 1986), *affirmed*, 842 F.2d 1335 (2d Cir. 1988); *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir. 1981). Accordingly, counsel for plaintiff waived any right to complain about the alleged inconsistency in the jury verdict by failing to permit the trial court to resubmit the interrogatories to the jury.

For the foregoing reasons, we conclude that the trial court committed no error.

No error.

Judges TYSON and LEVINSON concur.