SCHWARTZ, Chief Judge.
In a motor vehicle accident-personal injury case the plaintiff won a jury verdict in his favor which, among other things, awarded damages for future medical expenses but none for future pain and suffering. He then alternatively moved for an additur or new trial pursuant to sections 768.043(1) and 768.74, Florida Statutes (2002). The trial judge granted an additur for future pain and suffering of $7,500.00 which the defendant accepted, but from which the plaintiff has taken this appeal.
We find it unnecessary to resolve the alleged conflict between Brant v. Dollar Rent A Car Systems, Inc., 869 So.2d 767 (Fla. 4th DCA 2004) and Beyer v. Leonard, 711 So.2d 568 (Fla. 2d DCA 1997), as to whether the plaintiff, who arguably actually received and therefore invited the ruling on appeal may now object to that order. See Behar v. Southeast Banks Trust Co., 374 So.2d 572 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla.1980); 3 Fla. Jur.2d Appellate Review § 287 (2004). This is because, on the facts of this case, the plaintiff can demonstrate no harmful error or abuse of discretion in the amount of the additur and the ensuing ultimate result. See Delva v. Value Rent-A-Car, 693 So.2d 574 (Fla. 3d DCA 1997); K Mart Corp. v. Bracho, 776 So.2d 342 (Fla. 3d DCA 2001). Indeed, the plaintiff could likely not have secured reversal had the trial judge denied his post trial motion altogether and let the verdict stand. All *1125 state Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998).
Affirmed.