366 So.2d 476 (1979)
The STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Richard S. DENMARK et al., Appellees.
No. 77-469.
District Court of Appeal of Florida, Fourth District.
January 10, 1979.
Rehearing Denied February 8, 1979.
*477 H. Reynolds Sampson, Gen. Counsel, and Andrew Schuster and Alan E. DeSerio, Tallahassee, for appellant.
Sam Daniels of Daniels & Hicks, Kelly, Black, Black, Wright & Earle, Miami, and Brown, Paxton & Williams, Fort Pierce, for appellees.
PER CURIAM.
The State of Florida Department of Transportation appeals from an order granting defendant landowners' motion for judgment notwithstanding the verdict as to the amount of severance damages to defendants' remaining land after condemnation. Appellant, D.O.T., contends that the trial court erred by directing a $229,850.00 award for severance damages. Appellant contends that the jury's verdict specifying $48,000.00 for severance damages was within the range of testimony presented and should have been allowed to stand.
The State of Florida filed a complaint seeking to appropriate 37.46 acres of a 99.59 acre tract for a traffic interchange to be constructed at the junction of Interstate 95 and State Road 70. At a jury trial, the State presented expert testimony to the effect that the value of the property actually taken was $438,550.00. On the issue of severance damages, or damages suffered by the remaining property after the taking, the State's expert witness testified that although he estimated severance damages at $229,850.00, these damages would be totally eliminated when offset by the special enhancement to the value of remaining property resulting from the proposed construction project.
The expert testimony adduced by the landowners set the market value of the land taken at $780,000.00 and the severance damages at $320,000.00. Contrary to the opinion of the state witness, the landowners' appraiser testified that there would be no special enhancement to the value of the remainder due to construction of the proposed project.
After receiving appropriate instructions, the jury rendered a verdict as follows:

 1. Total value of property taken as of January 26, 1976 $750,000.00
 2. (a) Severance damages, if any, to Defendants' remaining
 lands as of January 26, 1976 48,000.00
 (b) Special enhancement, if any, to Defendants' remaining
 lands as of January 26, 1976 -0-
 (c) Severance damages (a)  special enhancement (b) 48,000.00
 (d) Business damage of Lessee 65,200.00
 ___________
 TOTAL $863,200.00

The trial court ultimately granted defendant landowner's motion for judgment notwithstanding the verdict and increased the severance damage award in 2(a) from $48,000.00 to $229,850.00. This increased the net award in 2(c) to $229,850.00 since the figure for 2(b) was left at zero.
*478 No objection was made to the verdict before the jury was discharged. The record reflects that the trial court had a side bench discussion with all counsel, off the record, immediately after the verdict was received. Thereafter the trial court asked if anyone wished to poll the jury and all counsel declined. Then the jury was discharged. As soon as the jury was gone counsel for the appellee requested that the court delay entry of a final judgment because the jury's award of severance damages was inadequate and noted the same error later relied on by the trial court in granting the judgment notwithstanding the verdict.
We believe this situation is similar to one involved in Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973), wherein we held that the failure to object to inconsistent verdicts before the discharge of the jury precluded subsequent review of the error. An examination of Judge Reed's opinion reflects the reasoning behind the ruling:
As a starting point in our discussion, we would concede that the two verdicts were inconsistent with one another. Obviously the verdict for the plaintiff against Lindquist and Smith necessarily implies that Lindquist was negligent in driving his vehicle into the plaintiff's vehicle. The verdict in favor of Lindquist, on the other hand, necessarily finds that Lindquist was not negligent in striking the plaintiff's vehicle  which collision was the only collision in which Lindquist was involved and thus the only source of his injury. However, when these verdicts were read, neither Lindquist nor Smith raised an objection to their inconsistency. This problem was not called to the court's attention until the motions for new trials were filed.
Certainly this court does not approve the creation of technical barriers to appellate review. At the same time, however, there would be very little fairness in reversing the plaintiff's judgment because of an inconsistency in the verdicts which could have been corrected in virtually no time at all by a resubmission of the cause to the jury had either of the appellants raised the matter before the jury was discharged. See Stevens Markets Inc. v. Markantonatos, Fla. 1966, 189 So.2d 624; cf. Higbee v. Dorigo, Fla. 1953, 66 So.2d 684 and Isenberg v. Ortona Park Recreational Center Inc., Fla.App. 1964, 160 So.2d 132, 134. We are reinforced in this conclusion by the fact that the verdict for the plaintiff and against the defendants was amply supported by competent substantial evidence, and it is only the verdict in favor of the defendant Lindquist which raises the problem of an apparent inconsistency. Hence we hold that any error of the trial court related to the receipt of the inconsistent verdicts has not been preserved for purposes of this appeal, because of the appellants' failure to object thereto before the jury was discharged. (Id. at 45)
As in Lindquist, we must concede the error in the jury's answer to question 2(a). However, the jury's net award under question 2(c) of $48,000.00 is well within the permissible range of damages established by the evidence. We cannot know for a certainty what the jury intended. But had the error in the answer to question 2(a) been called to the court's attention prior to the discharge of the jurors, the jurors would have had an opportunity to reconsider all three questions pertaining to severance damages in light of the error, and could then have returned a new verdict reflecting their findings. That opportunity was foreclosed upon discharge of the jury without objection.
One of the purposes of interrogatory verdicts is to provide a means of checking the work of the jury. Here we know the jury erred in finding $48,000.00 as "(a) Severance damages, if any, to Defendants' remaining lands as of January 26, 1976" for the evidence presented established without contradiction that the initial severance damages were at least $229,850.00. Behm v. Department of Transportation, 336 So.2d 579 (Fla. 1976); Dade County v. Renedo, 147 So.2d 313 (Fla. 1952); City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977). But can we conclude absolutely that the *479 jury did not, off the verdict form, make the proper calculations and come up with a net award of $48,000.00 which was within a proper range, and then, in transferring those calculations to the verdict form, erroneously show the method of computation? We cannot make such an absolute conclusion, and we think it was error for the trial court to do so.
A review of the testimony of the state appraiser reveals that the $229,850.00 figure was one of several preliminary steps in his appraisal process. In effect, the state appraiser testified that even if one sets the severance damage amount at $229,850.00, enhancement to the value of the remainder more than offsets damages caused by severance of the property taken. The testimony of the state appraiser at the trial below as to the "true after value" of the remaining property based upon consideration of possible severance damages and enhancement, was not of such character as to mandate a jury award of $229,850.00, but rather furnished an evidentiary basis for an award of severance damages less special enhancement in any amount from zero to $320,000.00.
Accordingly, the final judgment of the trial court is reversed with directions that the verdict of the jury be reinstated and judgment entered thereon.
REVERSED WITH DIRECTIONS.
DOWNEY, C.J., ANSTEAD, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.