410 So.2d 667 (1982)
Walter J. BLANFORD and Annie Ruth Blanford, His Wife, Appellants,
v.
POLK COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 81-1637.
District Court of Appeal of Florida, Second District.
March 10, 1982.
*668 Herbert H. Hall, Jr. and James H. Webb, Jr. of Maher, Overchuck, Langa & Cate, P.A., Orlando, for appellants.
Mark F. Carpanini, Irvin S. Cowie, Monte J. Tillis, Jr., and Carolyn K. Fulmer, Asst. County Atty., Bartow, for appellee.
SCHOONOVER, Judge.
This is an appeal from a final judgment entered in a personal injury action. Jury verdicts of zero damages were awarded to both of the appellants. We reverse.
Mr. Blanford, one of the appellants, was involved in an automobile accident with a road grader owned by the appellee and operated by its employee. His wife was not involved in the accident but joined in the suit because of her derivative claim for loss of consortium.
Prior to filing suit, the appellant executed a general release in exchange for the exact amount of property damage. It was undisputed at trial that both parties were only considering property damage at the time the release was executed. The jury was instructed not to consider it as a release of Mr. Blanford's personal injury claim.
The appellant also signed an accident report stating that he did not sustain any injuries as a result of the accident. The report was submitted to the jury. During the trial, the appellant testified that he did not remember indicating in the report that he had not sustained any injury. He testified that he was injured as a result of the accident and furthermore that the injuries affected his marital relationship. Mrs. Blanford also testified that the parties' marital relationship was affected as a result of the accident.
In addition to the appellants' testimony, an orthopedic surgeon expressed his opinion within a reasonable degree of medical probability that the appellant had sustained an injury as a result of the accident. He stated further that the treatment rendered to Mr. Blanford was necessitated by the automobile accident in question and that at least a portion of his bill in the approximate amount of $167 was attributable to diagnostic testing.
The court directed a verdict against the appellee on the question of liability. The amount of damages, if any, sustained as a result of the accident was the only issue submitted to the jury.
The appellants contend that they are entitled to a new trial on the question of damages. We agree.
It is true that the matter of the amount of damages is normally for the jury, and it is not the province of the court to substitute its judgment for that of the trier of the facts. A jury's verdict will not be disturbed in the absence of a clear showing that error was committed in the proceedings *669 below or that the evidence demonstrated that the conclusions reached were clearly erroneous. World Insurance Co. v. Wright, 308 So.2d 612 (Fla. 1st DCA 1975).
However, a jury's verdict cannot rest on a mere probability or a guess, and we cannot affirm a verdict where there is no rational predicate for it in the evidence. Food Fair Stores of Florida, Inc. v. Sommer, 111 So.2d 743 (Fla. 3d DCA 1959).
Based upon the appellant's written statement that he was not injured as a result of the accident, the jury could have found that he did not sustain any injuries. However, it was undisputed that a portion of the medical expenses were incurred for diagnostic testing which was reasonably necessary to determine whether or not the accident caused the appellant's injuries, and therefore, at least that amount had to be awarded to the appellant. Ridenour v. Sharek, 388 So.2d 222 (Fla. 5th DCA 1980).
Additionally, since it was also undisputed that the parties' marital relationship was affected as a result of the accident, and we have determined that the jury verdict as to Mr. Blanford must be reversed, we also assume that the jury was misled or failed to understand their duty as a jury in respect to Mrs. Blanford's claim. Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978).
We accordingly reverse and remand for a new trial on the question of damages incurred by the appellants.
SCHEB, C.J., and RYDER, J., concur.