BERANEK, Judge,
dissenting.
Defendant, RPC Corporation, appeals an adverse final judgment awarding plaintiff, Cable Marine, Inc., $190,000 in a complex breach of contract case. I would reverse based on the trial court’s denial of appellant’s request for a special interrogatory verdict.
This complex breach of contract case was tried before a jury over a three-week period. The factual determinations by the jury were of crucial importance. It was up to the jury to decide whether the contract was oral or written, who made the offer, who made the acceptance, and whether future damages were actually incurred. The application of warranty disclaimers and the applicable measure of damages were all dependent on which set of facts the jury believed. The jury found for the plaintiff for $190,000 and for the defendant on its counterclaim for $5,000. Numerous specific issues were necessary for the jury to decide before arriving at the general verdicts rendered.
At the conclusion of the evidence, RPC requested a special interrogatory verdict which the trial court denied after objection from Cable Marine. The case was tried before a jury as requested by Cable Marine. Yet it objected to an interrogatory verdict arguing it would unduly prolong jury deliberations and that it was merely an attempt to obtain an inconsistent verdict which could be used on appeal. Certainly, special interrogatories should not delay deliberations, but instead should speed them up by aiding the jury in focusing on the proper issues. As for an inconsistent verdict being a basis for appeal, that argument deserves no comment. It should be noted that the jury deliberated on this case for a total of 2lh hours immediately prior to the Good Friday, Passover, and Easter week-end.
Except in comparative negligence cases, the submission of a special interrogatory verdict rests within the sound discretion of the trial court. Although numerous decisions note this discretionary standard of review, there are no cases in Florida actually finding that a trial court abused its discretion in not submitting special interrogatories to the jury. In fact, there appears to be one case in the country holding a specific refusal to submit interrogatories to be an abuse of discretion. See Curtis v. Schwartzman Packing Co., 61 N.M. 305, 299 P.2d 776 (1956) and 6 A.L.R.3d 438.
Obviously, the court here had wide discretion in denying the request for special interrogatories but that discretion must have some reasonable bounds. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Here, I see no reason why the request was summarily denied. The two reasons stated by appellee were patently without merit. Indeed, the statement that deliberations would be unduly prolonged is particularly suspect when viewed in retrospect. After a trial of almost one month’s duration, the jury deliberated for 2⅝ hours. These deliberations took place on the eve of a holiday weekend and appellant’s requests for a recess in the deliberations were denied. The reason stated by the trial judge for denying the use of special interrogatories was that it was his practice to submit interrogatories only in automobile negligence cases. I would find this ruling to be an abuse of discretion.
*497 The practice of trying complex commercial cases before juries is an increasing phenomenon in Florida. These cases are difficult for the average juror and special verdicts isolating the appropriate issues should be helpful in reaching a fair and legally correct verdict rather than a detriment. Such verdicts are also of great assistance in the appellate disposition of cases. The federal circuit courts have even advocated the use of special interrogatories pursuant to Federal Rule of Civil Procedure 49(b). See Little v. Banker’s Life & Casualty Co., 426 F.2d 509 (5th Cir.1970); Jamison Co., Inc. v. Westvaco Corp., 526 F.2d 922 (5th Cir.1976); and Bissett v. Ply-Gem Industries, Inc., 533 F.2d 142 (5th Cir.1976).
Professor Moore states in his treatise: When submitted interrogatories are withdrawn ... the trial judge’s action is reviewable for abuse of discretion .... Generally, it is an abuse of discretion to withdraw a proper and material interrogatory, the answer to which proves a necessary basis for the general verdict. 5A J. Moore, Federal Practice, Section 49.04, at 49-38.
Indeed, Florida courts have been receptive to the use of special interrogatories. See Spencer Ladd’s, Inc. v. Lehman, 167 So.2d 731 (Fla. 1st DCA 1964), aff'd in part, rev’d in part, 182 So.2d 402 (Fla.1965). In Lincoln Tower Corp. v. Dunhall’s-Florida, Inc., 61 So.2d 474 (Fla.1952), the Supreme Court observed:
It seems to us to be evident that a jury to which are submitted proper interrogatories will be able to determine finally, for the present and future guidance of the parties, whether or not the performance ... meets the standards required _ At best, a determination of the issues of fact by a jury will be a complicated and confusing task, and whatever is done by way of clarifying the issues beforehand will operate to secure more exactitude and certainly in judgment. Id. at 476.
In State Department of Transportation v. Denmark, 366 So.2d 476, 478 (Fla. 4th DCA 1979), this court acknowledged that “one of the purposes of interrogatory verdicts is to provide a means of checking the work of the jury.” By utilizing the interrogatory verdict in that case, the court was able to determine that the jury had clearly erred.
As previously stated, the law is continually stated to be simply a question of discretion but that does not mean that proposed interrogatories may be denied merely because the trial judge chooses not to give them. Even appellee does not suggest that there was anything wrong with the actual interrogatories proposed in this case. There was never any discussion before the trial court as to the specific questions asked. It appears to me that the court simply chose not to give them and that no one reviewed them for content.
There is precedent for the mandatory requirement of special interrogatory verdicts via judicial decision. Such verdicts were made mandatory by the Florida Supreme Court in comparative negligence cases in Lawrence v. Florida East Coast Ry., 346 So.2d 1012 (Fla.1977). No similar result would be necessary herein. I would simply hold that the denial of appellant’s request here was an abuse of discretion. I am also convinced that this denial was prejudicial and that a new trial is therefore necessary.