709 So.2d 549 (1998)
BEVERLY HEALTH AND REHABILITATION SERVICES, INC., f/k/a Beverly Enterprises-Florida, Inc., d/b/a Beverly Gulf Coast-Florida, Inc., Appellant,
v.
Ralph T. FREEMAN, By and Through Ruth G. FREEMAN, Guardian of his Property, and Ruth G. Freeman, individually, Appellees.
No. 96-04592.
District Court of Appeal of Florida, Second District.
February 20, 1998.
Rehearing Denied May 4, 1998.
*550 Betsy E. Gallagher of Gallagher & Howard, Tampa, and Margaret J. Babb of Proskauer, Rose, Goetz & Mendelsohn, LLP, Washington, DC, for Appellant.
James L. Wilkes, II, and Edward J. Lyons of Wilkes & McHugh, P.A., Tampa, for Appellees.
ALTENBERND, Judge.
Beverly Health and Rehabilitative Services, Inc. (Beverly Health), appeals an order granting a new trial to the plaintiff, Ralph T. Freeman, in an action pursuant to section 400.023, Florida Statutes (1993), for damages allegedly resulting from violations of Mr. Freeman's rights as a nursing home resident. The trial court granted a new trial on the ground that the verdict was inadequate because it awarded no damages. We reverse because the jury resolved this case on a disputed issue of causation and properly followed the trial court's instruction to skip the interrogatory on damages.
In November 1993 Mr. Freeman began residing at Tarpon Health Care Center (THCC), a nursing home that Beverly Health operates. At that time Mr. Freeman was a very ill, eighty-eight-year-old man, who had an extensive history of medical and psychological problems. While residing at THCC, he developed foot ulcers and his leg had to be amputated at the knee. Following this surgery, he was placed in another nursing home in October 1994.
Mr. Freeman filed this civil enforcement action, alleging that he had sustained "actual" damages as a result of various violations of his nursing home residents' rights. § 400.023(1), Fla. Stat. (1993). Those rights, enumerated in section 400.022, Florida Statutes (1993), are extensive and diverse. For example, the statute provides that a resident has a right "to be treated courteously, fairly, and with the fullest measure of dignity." § 400.022(1)(n), Fla. Stat. (1993). One of the issues presented to the jury in Mr. Freeman's case was whether Beverly Health violated the above right and whether that violation caused Mr. Freeman damage.
The primary focus of this trial concerned Mr. Freeman's amputated leg. The plaintiff argued that this amputation was caused by a violation of Mr. Freeman's rights as a resident. Beverly Health argued that it may have committed a few isolated technical violations of the statutes, but that it caused Mr. Freeman no actual damage. Beverly Health maintained that the leg needed to be amputated for proper medical reasons unrelated to its treatment of Mr. Freeman.
The trial court gave the jury a verdict form that asked four questions:

*551 1. Were the nursing home resident rights of Ralph T. Freeman deprived or infringed upon by the Defendant, Beverly Health and Rehabilitation Services Corporation?
If your answer to question 1 is YES, please answer question 2. If your answer to question 1 is NO, skip all remaining questions, go to the last page of this verdict form, date and sign the form.
2. Were the deprivations or infringements of Mr. Freeman's resident rights a legal cause of the loss, injury, or damage to Ralph T. Freeman?
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3, and go to question 4.
3. What is the total amount of compensatory damages Ralph T. Freeman suffered during his life as a result of the deprivations or infringements upon his nursing home resident rights?
Go to question 4.
4. Was there conduct on the part of Defendant Beverly which warrants an award of punitive damages?
The jury answered the first question "yes." It answered the second question "no." Following the instructions, the jury skipped question 3, and then answered the punitive damages question "no."
Prior to publishing the verdict, the trial judge held a bench conference and tentatively expressed his view that the verdict was "inconsistent." Mr. Freeman's counsel agreed, and argued that because the jury found Beverly Health had deprived Mr. Freeman of his statutory rights, it had to at least award nominal damages. Mr. Freeman's counsel, however, did not request the trial court to reinstruct and return the jury for further deliberations. Counsel for Beverly Health explained that the verdict was consistent because the jury could have found that Beverly Health's violation of Mr. Freeman's rights was not the legal cause of any actual or punitive damages. See § 400.23(1), Fla. Stat. (1993). After publishing the verdict, the trial court polled the jury twice to ascertain whether this was their intended verdict. The trial judge specifically asked the jury the second time, "Your intent was that there was an infringement, but that there were no damages?" All jurors agreed with the trial judge's statement of their intent.
Mr. Freeman filed a motion for new trial in which he argued that the verdict was inconsistent, inadequate, and not supported by the weight of the evidence. He again maintained that the jury was required to award nominal damages once it found Beverly Health had violated his nursing home residents' rights. The trial court granted a new trial on the basis that "the Jury's Verdict which found Mr. Freeman's rights had been violated but awarded no damages is clearly inadequate. Since the issue of liability was also contested, there must be a new trial on liability and damages."
After reviewing the instructions given to this jury, we hold that the trial court erred as a matter of law in granting a new trial on the basis that the damages verdict was inadequate. An inadequate damages verdict presupposes an award of damages, even if that award is zero damages. Here, the jury followed the trial court's instruction to skip the amount of damages if it found that Beverly Health's infringement of Mr. Freeman's rights was not the legal cause of his loss. Thus, the jury did not render an inadequate damages verdict; it did not determine an amount of damages at all.
Additionally, the new trial cannot be upheld on the basis that the trial court considered the verdict inadequate because the jury failed to award nominal damages. First, Mr. Freeman did not request a jury instruction on nominal damages. Second, Mr. Freeman waived the issue of nominal damages by agreeing to the verdict form that instructed the jury to skip the damages issue if its answer to the causation question was "no." Third, even if nominal damages were awardable in this case, the jury's failure to award such damages would result in an inconsistent verdict, not an inadequate one. That is, the verdict would have been inconsistent if the jury were required to award nominal damages once it found that Beverly Health had violated Mr. Freeman's rights. Finally, even if the verdict had been inconsistent, Mr. Freeman did not preserve the issue for review because he did not request the trial court to reinstruct the jury and send it *552 back for further deliberations after it rendered this verdict. See Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985).
While we do not decide in this case whether a jury may award nominal damages in actions brought pursuant to section 400.023, we note that the statute only authorizes "actual" damages. The statute does not define "actual" damages, but that term suggests such damage must be more than technical or nominal. We also note that the legislature has specifically provided for nominal damages awards in other statutory causes of actions. See, e.g., § 772.11, Fla. Stat. (1995) (providing that victim of theft has civil cause of action for treble actual damages sustained or "minimum damages in the amount of $200"); § 617.303(5)(b), Fla. Stat. (1995) (granting member of homeowner's association right to recover actual or minimum damages for association's willful failure to maintain records and to make records available for inspection and copying).
Finally, we note the trial court correctly rejected Mr. Freeman's argument that the verdict was against the manifest weight of the evidence. Because the various rights under section 400.022 were not individually identified on the verdict form, neither the trial court nor this court knows what violation the jury found. There is evidence from which the jury could conclude that Beverly Health infringed upon Mr. Freeman's rights as a resident, but such infringement did not cause him any "actual or punitive damages." For example, the jury could have reasonably concluded that Beverly Health violated Mr. Freeman's right to be treated courteously, but that such violation did not cause his leg to be amputated.
Accordingly, we reverse the order granting new trial and direct the trial court, upon remand, to enter judgment on the jury's verdict.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and FRANK, J., concur.