PARKER, Acting Chief Judge.
Frank and Gloria Dibenedetto (the Dibenedettos) challenge the jury verdict in favor of Samuel C. Ford[1] in this case involving a rear-end vehicle accident. We affirm.
The Dibenedettos sued Ford for injuries they allegedly suffered when Ford rear-ended their car in stop-and-go traffic. The issues of causation and damages were hotly contested at trial. At the close of all evidence, the Dibenedettos sought a directed verdict on the issue of permanency of injuries, which the trial court denied. The Dibenedettos did not seek a directed verdict on the issue of liability. The jury returned a verdict in favor of Ford, finding that there was no negligence on his part that was a legal cause of the injuries to the Dibenedettos. The Dibenedettos did not seek a new trial or a judgment notwithstanding the verdict following the jury’s verdict.
On appeal to this court, the Dibenedet-tos raised two issues, one of which merits discussion. The Dibenedettos contended in their brief that the jury’s verdict was against the manifest weight of the evidence and that they should be entitled to a new trial. However, at oral argument, the Dibenedettos conceded that they had not preserved this issue for appellate review by moving for either a directed verdict or a new trial on the issue of liability. Despite this concession, the Dibenedettos contend that we should nevertheless reverse the jury’s verdict and remand this case for a new trial to permit a jury to enter an award for the cost of those diagnostic tests reasonably necessary to determine whether or not the accident caused their injuries. They argue that this court’s decision in Blanford v. Polk County, 410 So.2d 667 (Fla. 2d DCA 1982), supports their position. We disagree.
In Blanford, the trial court directed a verdict against the defendant on the issue of liability, and the only issue submitted to the jury was damages. Id. at 668. It was undisputed that some of the medical expenses incurred by the plaintiff were for diagnostic tests necessary to determine whether or not the accident caused the alleged injuries. Id. The jury awarded the plaintiff no damages. Id. In reversing for a new trial, this court held that since liability had been established, the plaintiff was, at a minimum, entitled to an award of damages in the amount of the necessary diagnostic tests. Id. at 669.
In this case, unlike in Blanford, there was no directed verdict on liability. The jury determined the issue of liability and found no negligence on the part of Ford that was the legal cause of damage to the Dibenedettos. We fail to see how the Dibenedettos can be entitled to an award of damages in the absence of a finding of liability. We therefore conclude that Ford is not responsible for the cost of any diagnostic testing incurred by the Dibenedet-tos.
Affirmed.
CASANUEVA and SALCINES, JJ., Concur.

. Gertrude A. Ford, Samuel C. Ford’s wife, died prior to trial.