821 So.2d 328 (2002)
John D. COCCA, individually, and Automotive Rentals, Inc., Appellants,
v.
Patricia SMITH, individually, Appellee.
No. 2D01-1888.
District Court of Appeal of Florida, Second District.
June 5, 2002.
Rehearing Denied July 15, 2002.
*329 Kelly Kathleen Gray of the Law Office of Charles E. McKeon, P.A., Tampa, for Appellants.
Peter Catania of Catania & Catania, P.A., Tampa, for Appellee.
PARKER, Judge.
John D. Cocca and Automotive Rentals, Inc., appeal the trial court's postjudgment order granting Patricia Smith's motion for mistrial based on an inconsistent and an inadequate verdict. Because the verdict is neither inconsistent nor inadequate, we reverse and remand for entry of judgment on the jury's verdict.
Smith sued Cocca and Automotive Rentals, Inc., alleging that Cocca was driving a vehicle owned by Automotive Rentals when he negligently struck Smith's car, causing her personal injuries. Trial testimony revealed that there were four vehicles involved in this accident. Smith, who was first in line, was rear-ended by a pickup truck driven by Anthony Cole, who was second in line. At trial, Cole testified that Cocca, who was third in line, struck Cole's truck and pushed it into Smith's car in a single-impact accident. To the contrary, Cocca testified that he struck Cole's truck after Cole's truck had already hit Smith's car. Cocca also testified that Cole admitted at the scene that Cole hit Smith's car before Cocca hit Cole's truck. Smith testified that she felt two impacts, only one of which was significant, but she did not know which vehicles were involved in which impact.[1]
At the close of all evidence, the trial court granted Smith's motion for directed verdict against Cocca as to liability and, at Cocca's request, placed Cole on the verdict form as a Fabre[2] defendant. With no objections from the parties, the trial court modified the jury instructions and the verdict form to reflect its ruling.
Following closing arguments, the court instructed the jury that Cocca was negligent in the operation of his motor vehicle as a matter of law. The court then instructed the jury that the issue for its determination was whether Cocca's negligence was a legal cause of Smith's injuries. The court further instructed that, if the greater weight of the evidence did not support Smith's claim, the jury's verdict should be for Cocca.
*330 The trial court then read the verdict form to the jury. Question one asked whether Smith was negligent and whether her negligence had caused or contributed to her injuries. Question two asked whether Cole was negligent and whether his negligence had caused or contributed to Smith's injuries. Question three asked the jury to "state the percentage of any negligence, which was the legal cause of Smith's damages that you charge to" Smith, Cole, and Cocca respectively, noting that the percentages must total one hundred percent. After reading the jury instructions and verdict form to the jury, the trial court invited any objections from Smith and Cocca. Smith raised no objections to either the instructions or the verdict form.
After deliberations, the jury returned a verdict indicating that Smith was not negligent but that Cole was. In answering question three, the jury assigned no liability to Smith, no liability to Cocca, and one hundred percent liability to Cole. Because of this allocation of fault, the jury did not consider the issue of damages. The verdict form was produced to and published by the court. The trial court polled the jurors, each of whom confirmed that this was their verdict. The jury was then discharged without any objections by Smith.
After the jury was discharged, Smith moved for mistrial, arguing that the jury's apportionment of fault was inconsistent with the trial court's directed verdict and the instruction that Cocca was negligent. Cocca objected to the mistrial, arguing that the jury had followed the court's instructions. The trial court granted Smith's motion for mistrial without further discussion or explanation. Cocca then filed a motion for rehearing and motion for judgment in accordance with the verdict, arguing that any objection to the verdict based on inconsistency was waived by Smith's failure to object before the jury was discharged and that the verdict was not, in fact, inconsistent with the directed verdict and the jury instructions. After a hearing, the trial court denied both motions. This appeal followed.
As an initial matter, Smith's motion for mistrial was properly treated as a motion for new trial. See Keene Bros. Trucking, Inc. v. Pennell, 614 So.2d 1083, 1085 (Fla.1993) (holding that when a motion for mistrial is made after the jury is discharged, the motion is considered a motion for new trial). This court reviews the trial court's decision on a motion for new trial under an abuse of discretion standard. See Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999).
On the issue of the allegedly inconsistent verdict, we reverse because Smith failed to preserve the issue for review. To preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged and ask the trial court to reinstruct the jury and send it back for further deliberations. Beverly Health & Rehab. Servs., Inc. v. Freeman, 709 So.2d 549, 551-52 (Fla. 2d DCA 1998). This procedure allows the jury an opportunity to "correct" the inconsistency. See Keller Indus., Inc. v. Morgart, 412 So.2d 950, 951 (Fla. 5th DCA 1982). This procedure is in contrast to what is needed to challenge an inadequate verdict, which a party may raise for the first time in a posttrial motion. See Cowen v. Thornton, 621 So.2d 684, 687 (Fla. 2d DCA 1993).
Here, Smith did not raise the issue of the allegedly inconsistent verdict until after the jury had been discharged. By not raising the issue when the trial court had the opportunity to correct it, Smith waived the issue. Therefore, the trial court abused its discretion in granting a new trial on this basis.
*331 Even if Smith had not waived the alleged inconsistency, the verdict in this case is not inconsistent. There are no patent inconsistencies in the verdict itself. The jury was instructed that Cocca was negligent and was instructed to determine whether that negligence was the legal cause of Smith's injuries. The jury determined that it was not. Because the jury found no causation, it did not award any damages. Nothing about the verdict is inconsistent with the instructions given.
Moreover, the verdict is not inconsistent with the evidence. There was conflicting testimony as to whether Cocca's car hit Cole's truck before or after Cole's truck hit Smith's car. If the jury believed Cocca's testimony, its finding that Cole was one hundred percent at fault for Smith's injuries was consistent with the evidence. The credibility determination between Cole and Cocca was strictly within the province of the jury. It decided in favor of Cocca, and its verdict was not inconsistent with the evidence.
Smith's actual argument is that the jury instructions and the verdict form were inconsistent with the trial court's directed verdict. The record is clear that the trial court directed a verdict of liability in favor of Smith at the close of Cocca's case. However, when the trial court instructed the jury, it stated only that Cocca was negligent as a matter of law, not that Cocca was liable. The trial court then instructed the jury: "The issue for your determination in the claim of the Plaintiff, Patricia Smith, is whether [Cocca's] negligence was the legal cause of injury, loss, or damage sustained by Patricia Smith." Thus, while the trial court first granted a directed verdict on liability against Cocca, it subsequently instructed the jury to determine whether Cocca was liable for Smith's injuries. Despite this apparent conflict, Smith never objected to the jury instructions or the verdict form, either before or after they were read to the jury. Therefore, Smith waived any argument that this inconsistency is grounds for a new trial. Because the verdict was not inconsistent with either the instructions or the evidence, the trial court abused its discretion in granting Smith's motion for new trial on the basis of an inconsistent verdict.
As to the alleged inadequacy of the verdict, we also reverse. This issue was properly before the trial court on Smith's motion for new trial. See Cowen, 621 So.2d at 687. However, the verdict was not inadequate. Because the jury found no causation, the zero verdict on damages cannot be inadequate as a matter of law. See Beverly Health, 709 So.2d at 551 (noting that an inadequate verdict presupposes an award of damages and therefore a zero verdict could not be found inadequate in the absence of a finding of causation). Cf. Dibenedetto v. Ford, 764 So.2d 788, 789 (Fla. 2d DCA 2000) (noting that a plaintiff is not entitled to an award of damages in the absence of a finding of liability).
Smith argues that the verdict is inadequate as a matter of law because the trial court's directed verdict established liability. However, this ignores the jury instructions and the verdict form. As noted above, any error here occurred when the jury was given instructions and a verdict form that conflicted with the earlier directed verdict. Smith's failure to object to the jury instructions and the verdict form waived any objections to them. Smith cannot now assert that causation was not a jury issue when Smith did not object to jury instructions and a verdict form placing that very issue in their hands.
Because the jury's verdict was neither inconsistent nor inadequate, the trial court abused its discretion in granting Smith a new trial. Therefore, we reverse and remand *332 for entry of a judgment on the jury's verdict.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.
NOTES
[1] The fourth vehicle involved in the accident, which rear-ended Cocca's car, was not involved in this action.
[2] Fabre v. Marin, 623 So.2d 1182 (Fla.1993).