844 So.2d 773 (2003)
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Morris Joseph STEWART, Appellee.
No. 4D02-1407.
District Court of Appeal of Florida, Fourth District.
May 14, 2003.
Lee E. Muschott of Law Office of Lee E. Muschott, P.A., Fort Pierce, for appellant.
*774 Glenn M. Blake and Roy T. Mildner of Blake, Torres & Mildner, Fort Pierce, for appellee.
SHAHOOD, J.
We affirm the denial of appellant's, Florida Department of Transportation (DOT), motion for a new trial. However, we write to comment on the DOT's argument that Owen v. Morrisey, 793 So.2d 1018 (Fla. 4th DCA 2001), review dismissed as improvidently granted, 831 So.2d 142 (Fla.2002), stands for the proposition that an inconsistent verdict can be raised as a basis in a motion for new trial after the jury has been discharged.
The DOT claims that the jury returned an inconsistent verdict on damages where the jury found that Stewart had not sustained any permanent loss of an important bodily function or permanent injury as a result of the accident, yet at the same time awarded damages for future medical expenses and lost income.
Appellee argues that the DOT's claim for a new trial based on an inconsistent verdict was not preserved since the issue was not raised before the jury was discharged. We agree.
The DOT argues that in its motion for new trial, it claimed that the "verdict [was] inconsistent, contrary to the law and the evidence and contrary to the manifest weight of the evidence and should be reversed. See Owen v. Morrisey, 793 So.2d 1018 (Fla. 4th DCA 2001)." In relying upon Owen, the DOT argues that an inconsistent verdict can be raised for the first time in a motion for new trial after the jury has been discharged. We reject that notion. In Owen, appellant appealed a final judgment in favor of appellees maintaining that the jury's verdict was inconsistent, excessive and contrary to the manifest weight of the evidence. See id. at 1018. This court held that the trial court abused its discretion in failing to grant a new trial on causation and damages where the verdict was inconsistent and excessive. See id. The court held that the verdict was inconsistent and excessive because the jury awarded Owen the future economic losses for medical expenses over his life expectancy of 30 years and earning ability over his working-life expectancy of 20 years without a finding that Owen sustained a permanent injury. See id. at 1023. No discussion was had as to when the trial court was apprised of the inconsistent verdict.
To preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged. If the trial court agrees, the trial court may reinstruct the jury and send it back for further deliberations. See Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002). This procedure allows the jury an opportunity to "correct" the inconsistency. See id. This procedure is in contrast to what is needed to challenge an inadequate verdict, which a party may raise for the first time in a post-trial motion. See id. This court has consistently held that a party's failure to object or otherwise inform the court of an inconsistent verdict before the jury is dismissed waives the inconsistency in the verdict as a point on appeal. See Hendelman v. Lion Country Safari, Inc., 609 So.2d 766, 766-67 (Fla. 4th DCA 1992)(Dell, J., concurring specially), review dismissed, 618 So.2d 209 (Fla.1993). It follows that a party may not circumvent these cases by later arguing the verdict is inadequate or contrary to the manifest weight of the evidence. See id. at 767. It logically follows that most inconsistent verdicts, in some respect, would be either inadequate or contrary to the manifest weight of the evidence. See id.; see also C.G. Chase Constr. Co. v. Colon, 725 So.2d 1144, 1145 (Fla. 3d DCA 1998), *775 review denied, 740 So.2d 527 (Fla. 1999). However, where the thrust of DOT's objection to the verdict was based on the inconsistency between an award for future economic damages and no finding of permanent injury, the DOT waived any error by not raising this issue before the jury was discharged.
AFFIRMED.
POLEN, C.J., and GUNTHER, J., concur.