FARMER, J.,
dissenting.
The majority opinion poses a false dichotomy. The choice is not between a verdict that is inconsistent and one that is excessive, each cancelling the other. We are not called here to exercise a facility in nomenclature and taxonomy. Rather, the question presented is one of composition: whether the damages fixed for future medical expenses were legally precluded because of the Jury’s finding of no permanent injury.[4] It is inconsequential to preservation that the damages for future medical expenses also had the ancillary effect making total damages excessive to that *280 extent.[5] Because the legal error was apparent on the face of the final verdict, the Insurer was under an obligation to raise the issue before discharge of the Jury or suffer the loss of the issue in post trial proceedings and on appeal.
In Florida Department of Transportation v. Stewart, 844 So.2d 773 (Fla. 4th DCA 2003), where we faced the same issue presented by this case, we held:
“To preserve the issue of an inconsistent verdict, the party claiming inconsistency must raise the issue before the jury is discharged. If the trial court agrees, the trial court may reinstruct the jury and send it back for further deliberations. This procedure allows the jury an opportunity to ‘correct’ the inconsistency. This procedure is in contrast to what is needed to challenge an inadequate verdict, which a party may raise for the first time in a post-trial motion. This court has consistently held that a party’s failure to object or otherwise inform the court of an inconsistent verdict before the jury is dismissed waives the inconsistency in the verdict as a point on appeal. It follows that a party may not circumvent these cases by later arguing the verdict is inadequate or contrary to the manifest weight of the evidence. It logically follows that most inconsistent verdicts, in some respect, would be either inadequate or contrary to the manifest weight of the evidence. However, where the thrust of DOT’S objection to the verdict was based on the inconsistency between an award for future economic damages and no finding of permanent injury, the DOT waived any error by not raising this issue before the jury was discharged.” [e.s., c.o.]
844 So.2d at 774.[6] The final sentence in the above quotation perfectly and precisely describes the identical error in this case.
Stewart explicitly holds that for this kind of verdict the choice between inconsistency and excessiveness is false. When the excess represents an amount not authorized by the Jury’s specific finding of fact (in Stewart, and here, a lack of permanent injury) the verdict is truly inconsistent — in consequence of which it contains excessive damages. To preserve the issue the party opposing such damages as are inconsistent with the factual finding is required to act before the jury is discharged. Stewart could not possibly be more definitive and conclusive on this point.
The majority’s analysis seems to reflect a culture of treating this specific preservation requirement as an inconvenience freely excusable by deconstructing various aspects embraced in damages and elevating them to undeserved import. I think this is contrary to the policy on which the preservation requirement is based. We explained in Moorman v. American Safety Equipment, 594 So.2d 795 (Fla. 4th DCA 1992), that:
“there are compelling reasons not to excuse a previous failure to speak out when the original jury itself could have corrected the supposed error. They are found ... in the sanctity of a jury verdict and society’s interest in avoiding repeat trials for the same dispute. Verdict inconsistencies which could have *281 been corrected while the jury was still available are simply not important enough to bypass the ordinary finality attached to their decision.”
“... Appellate courts should not appear to strain to reach issues which have not been adequately preserved below. There is nothing unjust about refusing to relieve a party of its own failure to do something about an internal inconsistency in a verdict until long after the rendering jury had been discharged.”
594 So.2d at 800. Progressive had a handy tool available to settle the inconsistency problem with future economic damages while the Jury was still in the courtroom. The Judge could have then properly reinstrueted the Jury on the issue and required a new verdict. Instead the party claiming prejudice from the inconsistency elected .to “take it up later” in spite of the rule of preservation requiring consideration then and there or lose it. There is nothing unjust about an appellate court declining to engage in linguistic metaphysics to save an unpre-served verdict inconsistency.
In sum, the problem with the future damages here is not simply an issue of either-or. It is instead a single compositional error involving an award of future damages forbidden unless the injury is permanent. Under Moorman it is improper to “use our judicial pen to draw a clearer line for preservation purposes” when a more apt clarity results by simply and correctly restating the rule itself. Stewart, 844 So.2d at 774-75; Colon, 725 So.2d at 1145. The majority’s decision conflicts with our decisions in Stewart and Moorman and the Third District’s in Colon.
I would affirm.

. Because a transitory injury may need more time to resolve, we have held that some amount of post-trial medical expenses might be proper in spite of the absence of permanent injury. See Owen v. Morrisey, 793 So.2d 1018 (Fla. 4th DCA 2001) (unjust to prevent claimant from recovering post-trial economic damages resulting from nonpermanent injury). Here, however, the amount fixed by the Jury was undeniably based on claimant’s life expectancy — as with permanent injuries— therefore facially impossible under the legal rule.

. In a sense damages denied by law could be thought excessive, but that is merely implicit in being precluded. Again, to ascertain the nature of the error one must probe beneath nomenclature. Hence there is no basis to discern a demarcation between inconsistency and excessiveness because the Jury's decisional error involves both. They are facets of the same stone; there is a single error in the verdict.

. See also C.G. Chase Constr. Co. v. Colon, 725 So.2d 1144, 1145 (Fla. 3d DCA 1998), review denied, 740 So.2d 527 (Fla.1999) ("it logically follows that most inconsistent verdicts would, in some respect, be either inadequate or contrary to the manifest weight of the evidence”).