PALMER, J.
In this eminent domain proceeding, Orange County appeals a final judgment awarding compensation for its taking of land owned by Beryle S. Buchman, Kenneth W. Buchman, J. Miles Buchman, Carol Ann Cole, Thomas Cole, Elise A. Della Rocca, Robert B. Solomon, and Alfred F. Barrett (owners). Determining that the trial court erred by issuing an improper jury instruction affecting severance damages, we affirm in part and reverse in part.
The County acquired a 3.5-acre portion of a 77-acre tract of land from the owners. The owners retained the remaining acreage. The parties disputed the amount of the owners’ severance damages, which are calculated as “the difference between the value of the [remaining] property before and after the taking.” Fla. Dep’t of Transp. v. Armadillo Partners, Inc., 849 So.2d 279, 283 (Fla.2003). The owners presented evidence that the decrease in value was approximately $4 million, whereas the County presented evidence that there was no decrease in value.
Part of the County’s evidence was expert testimony that a particular road could be vacated at a later time, even though it was shown on the County’s construction plans as remaining in place. This testimony suggested that such a road vacation would permit future access to the remaining property, thus reducing severance damages. The owners’ objection to the admission of the expert’s testimony was overruled. However, the trial court later issued the following special jury instruction, over the County’s objection:
Orange County is bound by the construction plans it has introduced into evidence regarding the design and construction of the road. You may not consider testimony from the county about what access might be permitted in the future, in an attempt to reduce severance damages.
The County contends that the trial court erred in issuing this instruction. We agree. The instruction was improper because it violated the prohibition against judicial comment set forth in section 90.106, Florida Statutes (2010), and contradicted the standard jury instruction on expert witnesses.
*522 Section 90.106 provides that a judge may not comment to the jury upon the weight of the evidence. § 90.106, Fla. Stat. (2010). The instruction here did so, instructing the jury to give part of the County’s evidence no weight. The instruction had the effect of striking the expert’s testimony, even though the evidence had closed and closing arguments had been made. The owners had never asked the trial court to reconsider its admission of the testimony or to strike it.
The special instruction also directly conflicted with a standard instruction provided to the jury:
You have heard opinion testimony from persons referred to as expert witnesses. You may accept such opinion testimony, reject it, or give it the weight you think it deserves....
Fla. Std. Jury Instr. (Civ.) 601.2(b) (2010).
Accordingly, we reverse and remand for a new trial on the issue of severance damages. We otherwise affirm.
AFFIRMED in part, REVERSED in part, and REMANDED.
MONACO and COHEN, JJ„ concur.