ON MOTION FOR CLARIFICATION
WOLF, J.
This cause is before us on appellant’s motion for clarification. We grant the motion for clarification, withdraw our former opinion of April 30, 2014, and substitute this clarifying opinion.
In this personal injury case, where the trial court granted directed verdict as to entitlement to past medical expenses for four months but reserved ruling as to the disputed amount of expenses, the court erred in setting aside a jury verdict as to the disputed amount.
Appellee claims that the issues of entitlement to past medical expenses and the disputed amount were taken away from the jury by the grant of the directed verdict. However, the parties never reached an agreement concerning whether the disputed amount would be determined by the judge or the jury. A motion for summary judgment was never presented to the court to establish a lack of disputed facts. The record indicates that the jury was presented evidence, instructed, and given a verdict form permitting it to decide the issues. After the verdict, the trial judge conducted a hearing and overrode the verdict based on evidence, of questionable admissibility, never presented to the jury. Appellee cannot now assert that an issue was not a jury issue when he did not object to jury instructions and a verdict form giving that very issue to the jury. See Cocca v. Smith, 821 So.2d 328, 331 (Fla. 2d DCA 2002). In addition, the procedure utilized by the trial judge to override the verdict is unauthorized and denied appellant’s right to have the disputed issue determined by the jury.
We, therefore, VACATE the Final Judgment, QUASH the post-verdict order, and REMAND and DIRECT the trial court to reconsider the issue of setoff in the context of the jury award.
LEWIS, C.J., and MAKAR, J„ concur.