PER CURIAM.
The parties in this eminent domain case make their second appearance in this Court. In Orange County v. Buohman, 81 So.3d 520 (Fla. 5th DCA 2012), we affirmed the jury’s award as to the value of the land taken, but we reversed the severance damage award and ordered a new trial on severance damages. Upon retrial, the jury returned a verdict that was not supported by the evidence. The trial judge ordered an additur, which Appellant now challenges. By cross-appeal, Appel-lees challenge the trial judge’s rulings regarding evidence and legal theories advanced by Appellant. We affirm.
Appellant condemned approximately four acres of a seventy-seven-acre tract of land owned by Appellees for a road realignment project. The value of the four acres is no longer at issue. Instead, the issue in this case is the value of the remaining seventy-three acres after the realignment of the road (“severance damages”). Section 73.071(4), Florida Statutes (2014), provides that severance damages are calculated using two variables: (1) the general damage to the remainder caused by the severance, from which an “offset” is subtracted for any (2) “enhancement” (special benefit) in value.
At trial, the appraisal experts agreed on the value of the remaining land in its pre-taking configuration. They disagreed dramatically, however, on the post-taking value of the land. Appellant’s appraiser concluded that the land had actually increased in value after the taking, whereas Appel-lees’ appraiser concluded that the remaining property had decreased in value by slightly less than $4 million. The central focus of the dispute between the appraisers was the existence and amount of any enhancement, or so-called “special benefit” to the remaining property. Appellees’ appraiser testified that there was no “special benefit.” By contrast, Appellant’s appraiser concluded that the property received a “special benefit” of $1.9 million.[1] The jury returned a special interrogatory verdict, finding that the general damages to the remaining property were slightly more than $3 million. However, it found that the “special benefit enhancement” was slightly more than $2.8 million, resulting in a net damage award of $269,716.
After the jury was discharged, Appellees challenged the verdict by a request for a new trial or additur, arguing that the jury’s calculation was not supported by the evidence because it exceeded the range of expert testimony regarding the special benefit. The trial judge granted the motion by ordering an additur. He calculated the net award by using the special benefit testimony of Appellant’s expert, which he determined was the highest offset for special benefit that could be awarded. This resulted in a revised damage award of $1.1 million. The judge gave Appellant the option of rejecting the additur and electing a new trial. Appellant, instead, determined to challenge the order in this appeal.
Appellant concedes that, as a general proposition in eminent domain proceedings, the conclusion of the jury on value must be within the range of opinion testimony adduced at trial. This is be *459 cause tjie jury is prohibited from making an “independent determination of the value of the property.” Behm v. Div. of Admin., State Dep’t of Transp., 336 So.2d 579, 582 (Fla.1976). Here, however, Appellant contends that the jury’s bottom line was within that range, and it urges that the trial judge erred by scrutinizing the manner by which the jury reached that figure.. We disagree. The purpose of an interrogatory verdict is to verify the accuracy of the jury’s work. Dyes v. Spick, 606 So.2d 700, 703 (Fla. 1st DCA 1992). Appellant has advanced no rationale for why the trial judge should turn a blind eye to an erroneous finding on a critical component of a damage calculation, and we cannot envision one. Just as the trial judge has a duty to. correct a mathematical miscalculation in a verdict form, so too must the trial judge grant relief when the whole or any material part of a verdict is not supported by substantial, competent evidence. •
In reaching this conclusion, we have not overlooked State, Department of Transportation v. Denmark, 366 So.2d 476 (Fla. 4th DCA 1979). There, our sister court reversed an additur to a severance award for two reasons. First, it concluded that the verdict was legally “inconsistent,” requiring a pre-discharge challenge to preserve the issue. Second, it speculated that the jury could have performed the correct calculation “off the verdict form” but simply filled in the blanks on the form incorrectly. We reject both of these conclusions • and express conflict with Denmark.
This verdict was not internally inconsistent; it was.contrary to the evidence. Accordingly, the challenge to the verdict was properly presented in a timely post-trial motion. Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002). As to the second point of Denmark, we think it erroneous to speculate beyond what is apparent in a strained effort to sustain an obviously flawed verdict. The trial judge instructed the jury as to the proper- use of the verdict form and we must assume that the jury used the form as instructed. One of the purposes for using an interrogatory verdict form is to provide a mechanism for verifying that the jury followed the evidence. Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023, 1025 (Fla. 1st DCA 1991). In this case, it is clear that the jury failed to follow the evidence. The trial judge was in the best position to make this determination and exercised his discretion accordingly. No abuse of that discretion has been shown. ■
Appellant also challenges the use of ad-ditur to correct the verdict. It urges that additur is not permitted in eminent domain proceedings, citing Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla.1961). As Appellees argue, Bennett was decided prior to the enactment of section 768.74(1), Florida Statutes (2014), which authorizes the use of additur in “any action to which this part applies.” Section 768.71(1), provides that sections 768.71 through 768.81, Florida Statutes, are applicable to “any action for damages, whether in tort or in contract.” We interpret this languáge to include an action for severance damages. Certainly, use of the' phrase “any action for damages,” manifests an intent that' the statutory scheme be broadly applied. We think the qualifying phrase, “whether in tort or in contract,” is intended to expand rather than limit the generality of the first phrase.'
We .also reject Appellant’s argument that the additur infringes upon its constitutional right to a jury determination of damages. The offer of a new trial in lieu of additur sufficiently preserves the right to trial by jury.
*460 We affirm as to all other points raised in the appeal and cross-appeal without discussion.
AFFIRMED.
TORPY, EVANDER and BERGER, JJ., concur.

. Appellant argues that its expert offered testimony from which the jury could discern a • special benefit in the amount of over $3.9 million. We disagree. This testimony fails to make a distinction between a special benefit and a general benefit, only the former of which may be offset against general damages. Daniels v. State Road Dep't, 170 So.2d 846, 853 (Fla.1964). The correct interpretation, of the evidence, and the one credited by the trial judge, is that Appellant's appraiser opined that the special benefit was $1.9 million, as he expressly stated. This is also the figure used by Appellant's counsel in closing argument.