# Third District Court of Appeal

### State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0675
Lower Tribunal No. 17-1268
_____

## City of Opa-Locka, Florida,
Appellant,

vs.

## Universal Waste Services of Florida, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Holland & Knight LLP, Christopher Bellows, Pedro Gassant, and Miguel de Grandy, for appellant.

Kuehne Davis Law, P.A., Johan Dos Santos, Michael T. Davis, and Benedict P. Kuehne; Reiner & Reiner, P.A., and David P. Reiner II; Michael A. Pizzi, Jr., P.A., and Michael A. Pizzi, Jr., for appellee.

Before FERNANDEZ, LINDSEY and MILLER, JJ.

PER CURIAM.

Affirmed. <u>Florida Dept. of Transp. v. Steward</u>, 844 So. 2d 773, 774 (Fla 4th DCA 2003) (in a case of an inconsistent jury verdict, "the party claiming inconsistency must raise the issue before the jury is discharged. If the trial court agrees, the trial court may reinstruct the jury and send it back for further deliberations."); <u>Coba v. Tricam Indus., Inc.</u>, 164 So. 3d 637, 643 (Fla. 2015) ("This Court has long held that if no objection to the verdict is made by either party, any defect to the form of the verdict is waived."); <u>Progressive Select Ins. Co., Inc. v. Lorenzo</u>, 49 So. 3d 272, 276 (Fla. 4th DCA 2010) ("Florida courts have required any objection to the form of the verdict to be made before the discharge of the jury to allow correction of a correctable error. . . . This requirement has withstood the test of time and remains the law today."); <u>Berges v. Infinity Ins. Co.</u>, 896 So. 2d 665, 676 (Fla. 2004) ("[A]n appellate court is not authorized to substitute its judgment for that of the [jury].").